UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE AVET, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-2354 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| THOMAS J. DART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

George Avet, a correctional officer with the Cook County Sheriff's Office, testified in support of a race discrimination case brought by a colleague. That testimony, as Avet tells it, cost him. He claims that his supervisors retaliated against him in a number of different ways, punishing him for speaking up. He brings a retaliation claim under Title VII.

Before coming to the federal courthouse, Avet filed a charge of discrimination with the EEOC. Actually, he did so twice. But the first charge of discrimination was the same as the second charge of discrimination. The EEOC issued a right to sue letter on the first charge in 2019, and issued a second right to sue letter on the second charge in 2021. Avet filed suit 89 days after receiving the second right to sue letter.

Defendants moved to dismiss. For the reasons stated below, the motion is granted.

**Background**

At the motion to dismiss stage, the Court must accept as true the well-pleaded allegations of the complaint. *See Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir. 2020). The Court "offer[s] no opinion on the ultimate merits because further development of the record may cast

the facts in a light different from the complaint." *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020).

Plaintiff George Avet is a correctional officer with the Cook County Sheriff's Office. *See* Second Am. Cplt., at ¶ 3 (Dckt. No. 34). The case at hand is not Avet's first experience with the legal system. He was a witness in another discrimination case filed by a colleague, Percy Taylor, against the Sheriff's Office. *Id.* at ¶ 23; *see also Taylor v. Dart*, No. 13-cv-1856 (N.D. Ill.).

In that case, Avet testified at deposition that investigators in the Sheriff's Office of Professional Review used racial epithets against Taylor. *See* Second Am. Cplt., at ¶ 24 (Dckt. No. 34). He expected to testify at trial, too, but that case settled not long ago. *Id.* at ¶¶ 26–28; Stipulation of Dismissal, *Taylor v. Dart*, No. 13-cv-1856 (N.D. Ill. Jan. 3, 2022), Dckt. No. 604.

The case at hand is about what happened to Avet after he testified in the *Taylor* case. According to the complaint, Dart and his agents retaliated against Avet for testifying in support of Taylor. *See* Second Am. Cplt., at ¶ 29 (Dckt. No. 34). He claims that the Sheriff demanded private medical information, obtained private medical documents outside the proper legal process, sent Avet for a fitness-for-duty evaluation, and surveilled Avet's whereabouts while off-duty. *Id.*

The complaint offers some details. Dart sent Avet for a fitness-for-duty evaluation almost immediately after his deposition, without any legitimate reason. *Id.* at ¶ 30. And Defendants sent private detectives and vehicles with cameras to sit outside Avet's residence. *Id.* at ¶ 31. The surveillance started in October 2018 and continued for months. *Id.* Avet also alleges that his workers' compensation benefits were terminated around February 2021 without any explanation. *Id.* at ¶ 32.

Avet responded by filing a charge of discrimination with the EEOC. *Id.* at ¶¶ 6, 8–9. Actually, he filed two, but they are substantively the same.

So far, so good. But from this point forward, things can seem a little complicated. At first blush, anyway. Before going any further, the Court will offer a bit of a preview.

Here's the basic story. Avet filed, and then refiled, a charge of discrimination. He filed them with two agencies, the EEOC and the Illinois Department of Human Rights. And those two agencies, in turn, assigned different numbers to each of the two charges. The two agencies issued separate responses, too.

So there are a lot of interwoven strands, and it is easy to get everything tied in a knot. Trying to keep everything straight by using the numbers assigned by the two agencies would make any reader want to run for the hills. So, in the interest of clarity, the Court will simply call them Charge of Discrimination #1 and Charge of Discrimination #2. Again, the most important thing to keep in mind is that Charge of Discrimination #1 and Charge of Discrimination #2 are substantively identical.

With that wind-up, the story unfolded as follows.

On January 2, 2019, Avet's counsel filed a charge of discrimination with the EEOC and with the Illinois Department of Human Rights. *Id.* at ¶¶ 6–7. That's Charge of Discrimination #1. The EEOC assigned that charge a number, and cross-filed that charge with the IDHR, who assigned it a different number. *See* 1/2/19 Charge of Discrimination #1 (Dckt. No. 34-1, at 1 of 5) (reflecting an EEOC number of 440-2019-01883, and an IDHR number of 2019CR2794).

In that opening salvo, Avet alleged that the Cook County Sheriff's Office had retaliated against him for testifying in the *Taylor* case. "Within the last 300 days and on a continuing and ongoing basis, Respondent has retaliated against me in violation of Title VII and the IHRA on a

3

continuing and ongoing basis. I testified in support of Percy Taylor's federal lawsuit, which includes claims of racial discrimination and retaliation against Respondent, including in a deposition on 10/29/18." *Id.*

Avet then described the alleged retaliation. Notice how closely it tracks to the allegations in the complaint at hand, meaning the claims before this Court. "On an ongoing basis, Respondent has retaliated against me by obtaining private mental health documents of mine outside of the legal process, placing me under surveillance, and requiring that I perform a fitness for duty examination, among other retaliatory acts. Respondent has failed to take effective remedial action to ensure that the retaliation stops in violation of Title VII and the Illinois Human Rights Act." *Id.*

Charge of Discrimination #1 was signed by Avet. By the look of things, Avet submitted a signed and notarized copy of Charge of Discrimination #1 to the EEOC. *Id.* The notary's signature appears on the bottom left of the page. *Id.* But it seems that Avet submitted an unnotarized copy of Charge of Discrimination #1 to the IDHR.

That omission did not escape the attention of the Illinois Department of Human Rights. On March 26, 2019, the IDHR notified Avet's attorney that his charge of discrimination was "unperfected." *See* Second Am. Cplt., at ¶ 8 (Dckt. No. 34). The parties don't explain what that term means, but the Court assumes that it refers to the lack of a notarized signature.

On April 5, 2019, Avet's counsel submitted the claim again. *Id.* at ¶ 9. That's Charge of Discrimination #2. *See* 4/5/19 Charge of Discrimination #2 (Dckt. No. 34-2, at 3 of 19); *see also* 4/5/19 Letter (Dckt. No. 34-2, at 2 of 19) (a letter from Avet's counsel to the IDHR) ("Enclosed is the **re**-signed and notarized Charge of Discrimination for Mr. George Avet in accordance with your March 26, 2019 correspondence.") (emphasis in original). This time, Avet signed it, and so

4

did a notary. *See* 4/5/19 Charge of Discrimination #2; *see also* Second Am. Cplt., at ¶ 9 (Dckt. No. 34).

Avet submitted Charge of Discrimination #2 to the IDHR. *See* 4/5/19 Charge of Discrimination #2 (Dckt. No. 34-2, at 3 of 19) (reflecting an IDHR number of 2019CF1612). He expressly asked that the IDHR file it with the EEOC, too. *Id.* ("I also want this charge filed with the EEOC."). The EEOC and the IDHR have a workshare agreement, so if a person files a charge with the state agency, the federal agency will receive it too (and vice versa). *See Winston v. Dart*, 2021 WL 3633918, at *8 (N.D. Ill. 2021) ("[T]he IDHR and EEOC have a workshare agreement whereby a charge filed with one is automatically cross-filed with the other . . . .") (citing *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 467 (7th Cir. 2016)).

The EEOC later assigned Charge of Discrimination #2 a number. Actually, for whatever reason, the EEOC assigned three numbers to Charge of Discrimination #2.[1]

The *numbers* assigned to Charge of Discrimination #2 by the EEOC and the IDHR are less important than the *substance* of Charge of Discrimination #2. The content of Charge of Discrimination #2 was identical to the content of Charge of Discrimination #1.

In fact, Charge of Discrimination #2 simply pointed to Charge of Discrimination #1. Charge of Discrimination #2 asked Avet to provide the "particulars of the charge." *See* 4/5/19 Charge of Discrimination #2 (Dckt. No. 34-2, at 3 of 19). In response, Avet wrote "SEE ATTACHED," and then attached the notarized copy of Charge of Discrimination #1. *Id.*; *compare* 1/2/19 Charge of Discrimination #1 (Dckt. No. 34-1, at 1 of 5), *with* 4/5/19 Charge of Discrimination #2 (Dckt. No. 34-2, at 3–4 of 19) (attaching Charge of Discrimination #1 to

---

[1] *See* EEOC Charge of Discrimination No. 21B-2019-00873 (Dckt. No. 34-2, at 9 of 19); EEOC Charge of Discrimination No. 21B-2019-00873C (Dckt. No. 34-2, at 11 of 19); EEOC Charge of Discrimination No. 21BA90873 (Dckt. No. 34-2, at 8 of 19).

Charge of Discrimination #2). So Charge of Discrimination #2 piggybacked on Charge of Discrimination #1.

It didn't take the EEOC long to respond. On June 20, 2019, the EEOC issued a right to sue letter. That's Right to Sue Letter #1. *See* Second Am. Cplt., at ¶ 7 (Dckt. No. 34); 6/20/19 Right to Sue Letter #1 (Dckt. No. 34-1, at 2 of 5). Right to Sue Letter #1 responded to charge no. 440-2019-01883, which is Charge of Discrimination #1. *See* 6/20/19 Right to Sue Letter #1.

The EEOC informed Avet that he had 90 days to file suit: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." *Id.* (emphasis in original).

The complaint does not reveal when, exactly, Avet received Right to Sue Letter #1. But he received it no later than July 17, 2019. Avet's counsel sent a letter to the IDHR on July 17, 2019, and she attached a copy of the EEOC's Right to Sue Letter #1. *See* Second Am. Cplt., at ¶ 11 (Dckt. No. 34); *see also* 7/17/19 Letter (Dckt. No. 34-2, at 6 of 19) ("The above charge of discrimination was cross-filed with the EEOC and the IDHR. Enclosed is the EEOC's final determination dated June 20, 2019.").[2]

Avet, however, did not strike while the iron was hot. He did not file suit against the Sheriff within 90 days. In fact, he didn't sue the Sheriff in 2019. Or in 2020.

---

[2] The state reaction to the two charges of discrimination isn't particularly relevant to Avet's claim in the case at hand. The right to bring a federal claim in federal court depends on when the claimant received a right to sue letter from the EEOC, not from a state agency. Still, for an interested reader, the IDHR dismissed Charge of Discrimination #1 on October 25, 2019, and dismissed Charge of Discrimination #2 on May 21, 2020. *See* Second Am. Cplt., at ¶¶ 7, 13 (Dckt. No. 34); *see also* 10/25/19 Notice of Dismissal (Dckt. No. 34-1, at 4–5 of 5) (covering Charge of Discrimination #1); 5/21/20 Notice of Dismissal (Dckt. No. 34-2, at 12–14 of 19) (covering Charge of Discrimination #2).

For whatever reason, Charge of Discrimination #2 kept percolating within the EEOC, even though it was the same as Charge of Discrimination #1. On January 12, 2021, the EEOC issued a right to sue letter on Charge of Discrimination #2. That's Right to Sue Letter #2. *See* Second Am. Cplt., at ¶ 15 (Dckt. No. 34); 1/12/21 Right to Sue Letter #2 (Dckt. No. 34-2, at 15 of 19) (referring to charge no. 21B-2019-00873, which is Charge of Discrimination #2).

The EEOC's letter did not get in Avet's hands right away. It was returned to sender. *See* Second Am. Cplt., at ¶ 16 (Dckt. No. 34); *see also* Envelope (Dckt. No. 34-2, at 17 of 19). The EEOC then emailed a copy of Right to Sue Letter #2 to Avet's counsel on February 2, 2021. *See* Second Am. Cplt., at ¶ 16; *see also* 2/2/21 Letter (Dckt. No. 34-2, at 19 of 19). Once again, the EEOC forewarned Avet that he had only 90 days to file suit. "Please note that you have only 90 days from the date of receipt in which to file suit in federal court." *See* 2/2/21 Letter.

Avet filed the lawsuit at hand on May 2, 2021. That's 89 days after Avet's counsel received Right to Sue Letter #2. But it's 655 days (or more) after Avet's counsel received Right to Sue Letter #1.

Defendants moved to dismiss. *See* Defs.' First Mtn. to Dismiss (Dckt. No. 9). Avet mooted that motion by filing an amended complaint. *See* First Am. Cplt. (Dckt. No. 15). Then, Defendants moved to dismiss the amended complaint. *See* Defs.' Second Mtn. to Dismiss (Dckt. No. 16).

The Court denied the second motion to dismiss without prejudice, granting Avet leave to amend. *See* 12/10/21 Mem. Opin. and Order (Dckt. No. 30). Specifically, the Court noted that Avet might have filed his complaint too late, based on documents that he attached and documents that Defendants had provided. *Id.* at 6–8. The Court gave Avet a second opportunity to amend his complaint.

7

Avet, in turn, filed the complaint at hand. *See* Second Am. Cplt. (Dckt. No. 34). He brings only one claim: unlawful retaliation under Title VII. *Id.* He supported his allegations and clarified the timeline by attaching a collection of documents.

Defendants now move to dismiss the second amended complaint. *See* Defs.' Third Mtn. to Dismiss (Dckt. No. 37).

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive, the complaint must give the defendant fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When reviewing a motion to dismiss under Rule 12(b)(6), the court may consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## Analysis

Defendants offer two reasons for dismissal. They argue that the complaint is untimely, and fails to plead sufficient facts to state a claim. *See* Defs.' Third Mtn. to Dismiss (Dckt.

8

No. 37). The Court agrees that Avet filed his claim too late. The complaint itself reveals that the claim is untimely.

Title VII sets a deadline to file a retaliation claim in federal court. A plaintiff can bring a complaint "within ninety days" of receiving a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . ."). Filing suit on day 91 is a day too late. *See MacGregor v. DePaul Univ.*, 2010 WL 4167965, at *2 (N.D. Ill. 2010) (collecting cases).

Most of the time, the statute of limitations is not an issue at the motion to dismiss stage. After all, the statute of limitations is an affirmative defense, and a plaintiff does not have to plead around affirmative defenses. *See Del Korth v. Supervalu, Inc.*, 46 F. App'x 846, 848 (7th Cir. 2002) ("A defendant's argument that a discrimination claim is untimely because it was filed outside the 90-day statute of limitations is . . . an affirmative defense."); *see also Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 701 (N.D. Ill. 2020). "The mere presence of a potential affirmative defense does not render the claim for relief invalid." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) ("That is, a plaintiff ordinarily need not anticipate an attempt to plead around affirmative defenses."). A plaintiff does not have to plead affirmatively that he or she has a timely claim.

But a complaint can defeat itself. Sometimes "the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense." *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). If the allegations of the complaint show that the complaint is untimely, then a defendant can move to dismiss based on the statute of limitations. That's

9

consistent with the overarching principle that the sufficiency of a complaint turns on the allegations of the complaint itself.

A plaintiff can book his or her own ticket out of the courthouse. But "dismissal is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *See Hyson USA, Inc.*, 821 F.3d at 939 (emphasis in original). "In other words, the plaintiff 'must affirmatively plead himself out of court.'" *Id.* (quoting *Chicago Bldg. Design v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014)).

Here, Avet's complaint confirms that he filed suit too late. He filed Charge of Discrimination #1 on January 2, 2019, and he received Right to Sue Letter #1 no later than July 17, 2019. That letter started the clock ticking.

There wasn't much time on the clock. Avet had 90 days to bring any claim arising out of the retaliatory acts described in Charge of Discrimination #1. The deadline was October 15, 2019. At that point, the window of opportunity closed.

Avet missed the deadline, by a wide margin. He did not file suit until May 2, 2021. That's more than a year and a half late. He filed suit in 2021 when he needed to file suit by 2019.

It would be one thing if the amended complaint was about some other discriminatory act. A right to sue letter doesn't govern the complaint if the complaint and the right to sue letter are about two different things.

But here, Charge of Discrimination #1 and this lawsuit are about the same thing, and cover the same ground. Both allege that the Cook County Sheriff's Office retaliated against Avet for testifying in the *Taylor* case. The allegations of the retaliation are the same, too, involving meddling with health records, requiring fitness exams, and surveilling his home.

*Compare* 1/2/19 Charge of Discrimination #1 (Dckt. No. 34-1, at 1 of 5) ("I testified in support of Percy Taylor's federal lawsuit, which includes claims of racial discrimination and retaliation against Respondent, including in a deposition on 10/29/18. On an ongoing basis, Respondent has retaliated against me by obtaining private mental health documents of mine outside of the legal process, placing me under surveillance, and requiring that I perform a fitness for duty examination, among other retaliatory acts."), *with* Second Am. Cplt., at ¶ 29 (Dckt. No. 34) ("[N]early immediately following Avet's deposition testimony, the Sheriff, through his agents, began a campaign of retaliation against Avet, including demanding his private medical information, sending him for fitness-for-duty evaluation, conducting secret surveillance of his whereabouts and doings off-duty, and obtaining private medical documentation of his outside of proper legal process and without an appropriate basis to do so, and loss of benefits.").

      The fact that Avet also submitted Charge of Discrimination #2, and received Right to Sue Letter #2, cannot save the day. Charge of Discrimination #2 is no different than Charge of Discrimination #1. The content is identical, word for word. The content is the same, so the deadline was the same.

      A plaintiff cannot reset the deadline, stop the clock, or grant himself more time by complaining about the same thing twice. Congress set the goalposts, and a plaintiff cannot move them by complaining about the same thing multiple times. Any other approach would render the statutory deadline meaningless, and would incentivize claimants to raise the same issue over and over again.

      A claimant cannot resuscitate an expired claim by submitting it a second time. And receiving a second right to sue letter about an expired claim cannot bring it back to life, either. For that reason, courts often dismiss complaints based on expired right to sue letters, even when

11

a plaintiff has a later-in-time letter, too. *See, e.g.*, *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) ("Dandy filed her first relevant EEOC charge on February 18, 1997 and the second on October 2, 1997. She received her right-to-sue letter for both charges on April 30, 1999. She filed her third EEOC charge on September 5, 2000. As Dandy filed suit in federal court more than 90 days after she received her right-to-sue letter from her first and second EEOC charges, the allegations stated therein are not properly before us and she is limited to the claims explicitly stated in her third EEOC charge or claims 'reasonably related' to those charges.") (citation omitted); *MacGregor*, 2010 WL 4167965, at *2–3 (dismissing claims based on timeliness from 91-day-old letters but not claims from 83-day-old letters); *Abdullahi v. Prada USA Corp.*, 2007 WL 1521711, at *3 (N.D. Ill. 2007) ("The 90-day filing requirement would indeed be meaningless if a party could revive claims by simply filing a new charge."), *aff'd in part, rev'd in part on other grounds*, 520 F.3d 710 (7th Cir. 2008) (affirming the dismissal of the claims made under the old charges); *Mitchell v. Elec. Sys., Inc.*, 1997 WL 321763, at *1–2 (N.D. Ill. 1997).

Avet argues that his filing deadline should be equitably tolled because the delay was not his fault. *See* Pl.'s Resp., at 4–5 (Dckt. No. 40). Instead, he blames the procedural confusion caused by multiple charges and multiple right to sue letters. *Id.*

The 90-day period may be equitably tolled if a plaintiff "has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984). "However, equitable tolling is applied sparingly, and should not be utilized by courts 'out of a vague sympathy for particular litigants.'" *MacGregor*, 2010 WL 4167965, at *3 (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

The case at hand does not include any apparent basis for equitable tolling. There is no suggestion that Avet filed suit in the wrong court. And nothing prevented him from going to the federal courthouse in a timely manner. The EEOC never told him that he didn't have to file suit within 90 days of receiving Right to Sue Letter #1.

In fact, the EEOC did the opposite. The EEOC told Avet that the clock was ticking in 2019. "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." *See* 6/20/19 Right to Sue Letter #1 (Dckt. No. 34-1, at 2 of 5) (emphasis in original).

Maybe Avet had a mistaken belief that refiling the Charge of Discrimination gave him more time. But there is no indication that the EEOC ever retracted its statement about the deadline. It is not as if the EEOC told him that the clock was stopped, or that the 90-day deadline no longer applied to him in light of Charge of Discrimination #2. Avet would need to come forward with some compelling reason to depart from normal rules and apply equitable tolling. But here, there is none.

The bottom line is straightforward. The complaint and the accompanying exhibits confirm that Avet failed to file suit within 90 days of receiving the EEOC's right to sue letter. So his complaint is time barred.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted.

Date: July 28, 2022

Steven C. Seeger
United States District Judge

13